### FREELAND vs. LANFEAR.

APPEAL from the court of the parish and city
of New Orleans.

PORTER, J. delivered the opinion of the
court.   This is an action of defamation.   The
petition states that the defendant falsely ac-
cused the petitioner of having committed rob-
bery, by reason of which he had suffered dam-
ages to the amount of $5000.

The answer denied that the defendant was
guilty in manner and form as the plaintiff set

In actions of
slander, it is
sufficient to
prove the sub-
stance of the
words charged.
But a charge
of robbing the
plaintiff of his
tobacco is not
supported by
evidence of his
*dishonestly ob-
taining* the to-
bacco.
An amended
answer need
not be *served.*
But an answer
to it is essentia

VOL. II. (N. S.)        33

East'nDistrict.
Feb. 1824.

FREELAND
vs.
LANFEAR.

forth.    The cause was submitted to a jury, who found a verdict for the petitioner and assessed his damages at $2500.  The defendant appealed.

or     judgment
may be taken
by default.

The first question presented is an alleged variance between the allegation and proof    In the petition, the appellant is charged with having spoken these words " you (meaning the the plaintiff)  have robbed me of tobacco". On the trial the expressions proved, were, " you have dishonestly taken my tobacco."

There is no rule more familiar than that which requires the *allegata* and *probata* to correspond, nor to which there are fewer exceptions.    In the application of it to actions of slander it has been most usually held sufficient to prove the substance of the words spoken, and we think correctly.    For, the expressions charged in the petition and those proved on the trial convey the same idea; altho' the words are not precisely the same; there is no variance between the injury alleged and the injury proved: as if, for example, the plaintiff had declared that the defendant had falsely accused him of committing murder, and it came out on trial that the words spoken, were, that he had wilfully administered poison, or that he had lain in wait and killed.

We shall therefore give the plaintiff the benefit of this modification of the rule, in examining whether the averment that the defendant accused him of committing robbery, is supported by evidence that he charged him with having dishonestly taken, or whether, in other words the allegation and proof, be, in substance the same. We are of opinion they are not. It is true, there can be no robbery without a dishonest taking, but there may be, and there frequently is a dishonest taking, without robbery, because there may be a taking without force. Robbery and larceny are not the same crimes, no more than murder and manslaughter are the same offences, and a man may, in many instances, safely and truly charge another as guilty of theft, and yet be wholly unable to support the allegation that he robbed. Evidence threfore that the defendant published the plaintiff was guilty of the lesser of these crimes, does not support an averment that he charged him with the higher, because the latter is not necessarily included in the former, and to admit it, would be introducing the very evils, which the establishment of the rule was intended to avoid. It was impossible not to be struck with the observation

East'n District,
*March*, 1824.

FREELAND
*vs.*
LANFEAR.

of the counsel, on the ground that his client might have been ready to justify the accusation, which he really made, and that he was precluded from this defence by being charged by the plaintiff with having imputed to him an offence, which could not be supported, and to which no answer could be given but a general denial.

The appellee has, however, contended that the words were not used in the petitition, in the technical sense, but in the meaning which belongs to the words according to the opinion of philologists, and the practice of several eminent writers; namely, an unlawful taking. What weight this argument might be entitled to, if the word stood alone in the petition, we need not say; for we find that it is expressly stated in it, that the word is used in its legal signification. To the denial or justification of the charge in that sense, the attention of the defendant was drawn, and the plaintiff cannot now be permitted to vary from it, in order to make his allegation to come down to his proof.

If the case stood on these pleadings alone, we should be strongly inclined to believe that the court below ought, on the application of the defendant, to have directed a nonsuit. But

East'n District.
*March*, 1824.

FREELAND
*vs.*
LANFEAR

there are other features in the case which remain to be noticed    The plaintiff, after issue was joined, finding the error into which he had fallen, in setting forth the slanderous words, filed a supplemental or amended petition, in which he declared on them precisely as they were afterwards proved.  No notice was taken of this by the appellant, and when the cause came on for trial, and the counsel for the appellee was about to read the document, an objection was taken that it had not been served on the defendant, and could not be offered to the jury—of this opinion was the judge and the plaintiff excepted

Before expressing our opinion, on the law which this point presents for decision, we deem it necessary to clear from around it, irrelevant matter which cannot in any respect affect the question.   Such we consider all that was said in relation to the hardship to which the defendant, who was a foreigner, was exposed in consequence of his having left this country the day after the suit was commenced, uninformed of any other charge but that contained in the original  petition, instructing his agent and counsel in relation to the accusation made against him, and totally unsuspicious that any

East'nDistrict.
*March*, 1824.

FREELAND
*vs.*
LANFEAR.

change would be made in it. If this be a hardship, it is one of his own creating, and we cannot see how he should by his act, be placed in a better situation than one of our own citizens. The hardship would be the other way, if this circumstance were held to affect at all our decision, as to the right of using the amended petition. But it does not. It is a general rule, that jurisdiction once obtained, cannot be divested or impaired by any act of the parties *pendente lite*, and this applies to all the incidents of the cause, as well as the power of the court to render a final judgment. 2 *Wheaton*, 290.

We have now to consider whether it were necessary to have the amended petition served on the defendant. On this subject, our law is silent, and we are therefore under the necessity of resorting to legal analogies as a guide for our decision. The object of service is twofold—to bring the party into court—and to instruct him of the nature of the action. If he appear and answer, service of an amendment to the petition is unnecessary for the first purpose. And it appears to us, equally so for the second, for the defendant being in court, any change made in the pleadings, after per-

East'n District:
*March*, 1824.

FREELAND
*vs.*
LANFEAR.

mission to that effect, if obtained on due no tice to him or his attorneys must be within his knowledge; at least, it is his fault if it is not. We see no more necessity of serving an amended petition, than there is to serve the answer on the plaintiff, or the replication (if the rules of court require one) on the defendant.

In the present instance, the record states that the plaintiff had leave to amend, with the consent of the opposite party ; we think therefore, the judge erred in refusing to let the amended petition be read, on the ground that it had not been served on the defendant. Had it been suffered to go to the jury, the words proved, would have corresponded with the averment, and this difficulty, at least, would have been removed. As it was not, we have a verdict rendered on evidence, which the pleadings did not authorise. This in itself is, perhaps, such an irregularity as would require us to remand the cause. But we express no opinion on that point; for there is another objection which cannot be got over. Supposing this amended petition, by being improperly rejected, could be viewed in the same light here as if it had been submitted to the jury, there was no issue joined on it; for the answer to

FREELAND
*vs.*
LANFEAR.

the original petition certainly did not apply to the subsequent amendment. The putting the case to the jury, before an answer was-filed, or a *contestatio litis* formed in any other way, was illegal—there was nothing for them to try. If the defendant neglected to plead, be should as in a case quit similar, in the late superior court, he quickened by taking a judgment by default. *Austin* vs. *Morgan*, 1 *Martin*, 205.

On the whole, therefore, we are satisfied that the words proved, could not be offered in support of the original allegation—that they could not be given in evidence under the amended petition; for no issue was made up on it for the jury to decide on, and that consequently, the finding was irregular and must be set aside.

We have been pressed to give a judgment of nonsuit, but we do not think the case authorises it. There has been as much fault in the defendant not pleading, as in the plaintiff going to trial on an imperfect issue. We think justice will be best promoted by remanding the cause, to enable the parties to make up the pleadings and have it tried again.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court

be annulled, avoided and reversed; that the case be remanded, with instructions to the judge to proceed in the same, according to law, and that the appellee pay the costs of the appeal.

FREELAND
*vs.*
LANFEAR.

*Livermore* for the plaintiff, *Preston* for the defendant.